UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARTEMIO ARMAS,** § | | |
| **EMA ARMAS** § | | |
| **and all others similarly situated under** § | | |
| **29 U.S.C. § 216(b),** § | | |
| **Plaintiffs,** § | | |
| § | | |
| **v.** § | Cause No. | |
| § | | |
| **ST. AUGUSTINE OLD ROMAN** § | | |
| **CATHOLIC CHURCH, A PARISH OF** § | | |
| **THE OLD ROMAN CATHOLIC CHURCH** § | | |
| **IN NORTH AMERICA,** § | | |
| **and JOHN PARNELL** § | | |
| **Defendants.** § | | |

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 MINIMUM WAGE VIOLATIONS, BREACH OF CONTRACT, RETALIATION, ASSAULT, QUANTUM MERUIT, AND PROMISSORY ESTOPPEL**

Plaintiffs, ARTEMIO ARMAS and EMA ARMAS, on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, file this Complaint against Defendants ST. AUGUSTINE OLD ROMAN CATHOLIC CHURCH, A PARISH OF THE OLD ROMAN CATHOLIC CHURCH IN NORTH AMERICA and JOHN PARNELL and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Tarrant County, Texas at the time that this dispute arose.

3. The Defendant ST. AUGUSTINE OLD ROMAN CATHOLIC CHURCH, A PARISH OF THE OLD ROMAN CATHOLIC CHURCH IN NORTH AMERICA (the "Defendant Company") is a corporation that regularly transacts business within the Northern District of Texas. Upon information and belief, ST. AUGUSTINE OLD ROMAN CATHOLIC CHURCH, A PARISH OF THE OLD ROMAN CATHOLIC CHURCH IN NORTH

AMERICA was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant JOHN PARNELL is a corporate officer and/or owner and/or manager of the Defendant Company who ran the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore also Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

5. Venue is proper in the Northern District of Texas because the Defendant Company regularly transacts business within the Northern District of Texas and acts or omissions giving rise to this dispute took place in the Northern District of Texas.

## COUNT I. FEDERAL MINIMUM WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid minimum wages and/or overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back at least three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 206(a)(1) states, in pertinent part:

> "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

> (1) except as otherwise provided in this section, not less than—
>
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
>
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
>
> (C) $7.25 an hour, beginning 24 months after that 60th day;"

29 U.S.C. § 206(a)(1). On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

9. Plaintiff, ARTEMIO ARMAS, worked for Defendants as a handyman, and assisted his wife in the performance of her duties, as detailed below, from on or about 2008 through on or about August 31, 2016. In September of 2016, Plaintiff ARTEMIO ARMAS drove a truck to California for the Defendants to transport goods back to Texas.

10. Plaintiff, EMA ARMAS, worked for Defendants as a handyman, janitor, and providing domestic services from on or about 2008 through on or about August 31, 2016.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies

to Plaintiff's work for the Defendants.  For example, Plaintiff EMA ARMAS was regularly and routinely employed in part in domestic service in a household by the Defendants, and her husband ARTEMIO ARMAS assisted her.  Both Plaintiffs EMA ARMAS and ARTEMIO ARMAS also regularly and routinely performed work for Defendants at a secondary school operated by the Defendants.  Plaintiff ARTEMIO ARMAS drove a truck to California for the Defendants to transport goods back to Texas in September of 2016.  As part of their business, Defendants also manufacture cigars that are sold in locations outside the state of Texas including such places as California and Mexico.

12. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014, 2015, and 2016.

13. Upon information and belief, the Defendant Company's sales or business done is expected to exceed $500,000 for the year 2017.

14. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. From on or about January 2, 2016 through on or about August 31, 2016, Plaintiff, ARTEMIO ARMAS, worked an average of 35 hours per week for which he was paid nothing at all resulting in an effective hourly rate of $0.00 per hour.  Therefore, Plaintiff ARTEMIO ARMAS claims the difference between the effective hourly rate paid to Plaintiff and the applicable Federal Minimum Wage for each hour worked with Defendants during the period from on or about January 2, 2016 through on or about

August 31, 2016.

16. During the month of September 2016, Plaintiff, ARTEMIO ARMAS, worked approximately 50 hours for which he was paid nothing at all resulting in an effective hourly rate of $0.00 per hour. Therefore, Plaintiff ARTEMIO ARMAS claims the difference between the effective hourly rate paid to Plaintiff and the applicable Federal Minimum Wage for each hour worked with Defendants during the month of September 2016.

17. From on or about January 2, 2016 through on or about August 31, 2016, Plaintiff, EMA ARMAS, worked an average of 35 hours per week for which she was paid nothing at all resulting in an effective hourly rate of $0.00 per hour. Therefore, Plaintiff EMA ARMAS claims the difference between the effective hourly rate paid to Plaintiff and the applicable Federal Minimum Wage for each hour worked with Defendants during the period from on or about January 2, 2016 through on or about August 31, 2016.

18. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The*

*Plaintiffs request a trial by jury.*

## COUNT II. CLAIM FOR BREACH OF CONTRACT

Come Now Plaintiffs**,** and re-adopt the factual and jurisdictional statements in paragraphs 1-18 above and further state:

19. This Court has jurisdiction for Plaintiffs' breach of contract claim under the Court's Supplemental Jurisdiction. 28 U.S.C. § 1367.

20. Prior to January 2, 2016, Defendants JOHN PARNELL and ST. AUGUSTINE OLD ROMAN CATHOLIC CHURCH, A PARISH OF THE OLD ROMAN CATHOLIC CHURCH IN NORTH AMERICA and Plaintiffs ARTEMIO ARMAS and EMA ARMAS entered into an agreement to pay, and in fact did pay, Plaintiffs at the following hourly rates for work performed for Defendants: ARTEMIO ARMAS - $10.00 per hour; EMA ARMAS - $8.00 per hour.

21. As set out in paragraphs 15 – 17 above, Plaintiffs did not receive payment in the agreed upon hourly rates and in fact received absolutely no compensation for said work performed for the benefit of the Defendants during the period from January 2, 2016 through September 2016.

22. Defendants breached the contract with Plaintiffs by failing to pay them the hourly rates set out in paragraph 20 above for the work performed for the benefit of Defendants during the period from January 2, 2016 through September 2016.

23. By failing to pay Plaintiffs their wages, the Defendants have breached the oral contract entered into between Defendants and Plaintiffs. Defendants remain owing Plaintiffs these wages for hours worked during the period from January 2, 2016 through September 2016.

24. As a result of Defendants' breach of contract, the Plaintiffs have been damaged economically.

Wherefore, Plaintiffs request judgment against the Defendants for all unpaid wages due pursuant to the terms of the oral contract between the parties for hours worked during the time period from January 2, 2016 through September 2016 less a credit for any amounts recovered as wages pursuant to Count I above, attorney's fees, costs, and expenses incurred through trial, attorney's fees, costs, and expenses incurred on any appeals, and all other damages recoverable by law. *The Plaintiffs requests a trial by jury.*

## COUNT III. RETALIATION UNDER 29 U.S.C. § 215(a)(3)

Comes Now Plaintiff ARTEMIO ARMAS, and re-adopts the factual and jurisdictional statements in paragraphs 1-24 above and further states:

25. 29 U.S.C. § 215(a)(3) states, in pertinent part:

> "(a)   After the expiration of one hundred and twenty days from June 25, 1938, it shall be unlawful for any person—
> …
>
> (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

26. On or about October 9, 2016, Plaintiff **ARTEMIO ARMAS** approached Defendant JOHN PARNELL and requested payment of wages for the hours worked by Plaintiffs during the period from January 2, 2016 through September 2016. In response, Defendant JOHN PARNELL assaulted Plaintiff ARTEMIO ARMAS by way of threats and physical contact. As a result, Plaintiff was inflicted with mental anguish, pain and suffering,

humiliation, and emotional distress.

27. The motivating factor for Defendants' actions was Plaintiff's asserting a claim for minimum wages pursuant to the Fair Labor Standards Act.

28. Defendant JOHN PARNELL was acting as the agent for and at the behest of Defendant ST. AUGUSTINE OLD ROMAN CATHOLIC CHURCH, A PARISH OF THE OLD ROMAN CATHOLIC CHURCH IN NORTH AMERICA at the time of this incident and Defendant ST. AUGUSTINE OLD ROMAN CATHOLIC CHURCH, A PARISH OF THE OLD ROMAN CATHOLIC CHURCH IN NORTH AMERICA is vicariously liable for the acts of Defendant JOHN PARNELL acting in the course and scope of his agency.

29. Defendants' actions as discussed above are in direct violation of 29 U.S.C. § 215(a)(3) because the motivating factor for said activity was Plaintiff's demand for legally mandated wages and, as a result, Plaintiff has been damaged.

WHEREFORE, the Plaintiff requests judgment against the Defendants jointly and severally, for attorney's fees, costs, expenses, actual damages for mental anguish, pain and suffering, humiliation, and emotional distress in an amount to be determined by the jury, and all other damages recoverable by law under 29 U.S.C. § 216(b). *Plaintiff Requests a Trial By Jury.*

## COUNT IV. ASSAULT

Comes Now Plaintiff ARTEMIO ARMAS, and re-adopts the factual and jurisdictional statements in paragraphs 1-29 above and further states:

30. This Court has jurisdiction for Plaintiff's assault claim under the Court's Supplemental Jurisdiction. 28 U.S.C. § 1367.

31. On or about October 9, 2016, Plaintiff **ARTEMIO ARMAS** approached Defendant JOHN PARNELL and requested payment of wages for the hours worked by Plaintiffs

during the period from January 2, 2016 through September 2016. In response, Defendant JOHN PARNELL assaulted Plaintiff ARTEMIO ARMAS by way of threats and physical contact. As a result, Plaintiff was inflicted with mental anguish, pain and suffering, humiliation, and emotional distress.

32. The motivating factor for Defendants' actions was Plaintiff's asserting a claim for minimum wages pursuant to the Fair Labor Standards Act.

33. Defendant JOHN PARNELL was acting as the agent for and at the behest of Defendant ST. AUGUSTINE OLD ROMAN CATHOLIC CHURCH, A PARISH OF THE OLD ROMAN CATHOLIC CHURCH IN NORTH AMERICA at the time of this incident and Defendant ST. AUGUSTINE OLD ROMAN CATHOLIC CHURCH, A PARISH OF THE OLD ROMAN CATHOLIC CHURCH IN NORTH AMERICA is vicariously liable for the acts of Defendant JOHN PARNELL acting in the course and scope of his agency.

34. Plaintiff's injuries resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Texas Civil Practices & Remedies Code § 41.003(a), in an amount to be determined by the jury, to include Plaintiff's attorneys' fees, costs, and expenses incurred in this cause.

Wherefore, the Plaintiff requests judgment against the Defendants jointly and severally, for Plaintiff's attorney's fees, costs, expenses, actual damages for emotional distress, mental anguish, humiliation, and pain and suffering in an amount to be determined by the jury, exemplary damages in an amount to be determined by the jury, pre-judgment and post-judgment interest, and all other relief to which Plaintiff is entitled by law. *Plaintiff requests a trial by jury.*

## COUNT V. CLAIM FOR QUANTUM MERUIT

Come Now Plaintiffs, and re-adopt the factual and jurisdictional statements in paragraphs 1-34 above and further state:

35. This Court has jurisdiction for Plaintiff's quantum meruit claim under the Court's Supplemental Jurisdiction. 28 U.S.C. § 1367.

36. In the alternative to Count II, Defendants accepted services from Plaintiffs without compensating Plaintiffs.

37. Prior to January 2, 2016, Defendants JOHN PARNELL and ST. AUGUSTINE OLD ROMAN CATHOLIC CHURCH, A PARISH OF THE OLD ROMAN CATHOLIC CHURCH IN NORTH AMERICA and Plaintiffs ARTEMIO ARMAS and EMA ARMAS entered into an agreement to pay, and in fact did pay, Plaintiffs at the following hourly rates for work performed for Defendants: ARTEMIO ARMAS - $10.00 per hour; EMA ARMAS - $8.00 per hour.

38. As set out in paragraphs 15 – 17 above, Plaintiffs each performed an average of 35 hours of work per week, including handyman, domestic service, and driving duties, for the time period from January 2, 2016 through September 2016 which were accepted by Defendants. Defendants did not compensate Plaintiffs for that work.  Defendants either knew or should have known that Plaintiffs expected payment from Defendants for those services. Plaintiffs did not receive payment in the agreed upon hourly rates and in fact received absolutely no compensation for said work performed for the benefit of the Defendants during the period from January 2, 2016 through September 2016.

39. By failing to pay Plaintiffs for the services rendered, the Defendants have proximately caused Plaintiffs' damages

40. All conditions precedent to Plaintiffs being entitled to bring this cause of action and recover the relief requested herein have been performed, satisfied, have occurred, or have been

waived.

Wherefore, Plaintiffs request judgment against the Defendants for all unpaid wages due for services they performed for Defendants during the period from January 2, 2016 through September 2016 less a credit for any amounts recovered as wages pursuant to Count I above, attorney's fees, costs, and expenses incurred through trial, attorney's fees, costs, and expenses incurred on any appeals, and all other damages recoverable by law. *The Plaintiffs request a trial by jury*.

## COUNT VI. CLAIM FOR PROMISSORY ESTOPPEL

Come Now Plaintiffs, and re-adopt the factual and jurisdictional statements in paragraphs 1-40 above and further state:

41. This Court has jurisdiction for Plaintiff's promissory estoppel claim under the Court's Supplemental Jurisdiction. 28 U.S.C. § 1367.

42. In the alternative to Count II, Defendants made a promise to Plaintiffs that Defendants did not keep.

43. Prior to January 2, 2016, Defendants JOHN PARNELL and ST. AUGUSTINE OLD ROMAN CATHOLIC CHURCH, A PARISH OF THE OLD ROMAN CATHOLIC CHURCH IN NORTH AMERICA promised to pay, and in fact did pay, Plaintiffs ARTEMIO ARMAS and EMA ARMAS at the following hourly rates for work performed for Defendants: ARTEMIO ARMAS - $10.00 per hour; EMA ARMAS - $8.00 per hour.

44. Defendants made these promises in order to induce Plaintiffs to take certain actions; namely, performing handyman, domestic service, and driving duties for the Defendants. The promises made by Defendants were reasonably calculated to induce Plaintiffs to take the aforementioned actions. Plaintiffs' reliance was foreseeable to Defendants.

45. Plaintiffs, in fact, relied on Defendants promises and have taken definite and substantial action in reliance on Defendants' promises to their detriment.

46. Defendants' promises were the proximate cause of damages suffered by the Plaintiffs.

47. As set out in paragraphs 15 – 17 above, Plaintiffs did not receive payment at the promised hourly rates and in fact received absolutely no compensation for work performed for the benefit of the Defendants during the period from January 2, 2016 through September 2016.

48. All conditions precedent to Plaintiffs being entitled to bring this cause of action and recover the relief requested herein have been performed, have occurred, satisfied, or have been waived.

Wherefore, Plaintiffs request judgment against the Defendants for all unpaid wages due pursuant to the promises made by Defendants for hours worked during the time period from January 2, 2016 through September 2016 less a credit for any amounts recovered as wages pursuant to Count I above, attorney's fees, costs, and expenses incurred through trial, attorney's fees, costs, and expenses incurred on any appeals, and all other damages recoverable by law. *The Plaintiffs requests a trial by jury.*

## CONDITIONS PRECEDENT

49. All conditions precedent to Plaintiffs' claims for relief have been performed, satisfied, have occurred, or have been waived.

## ATTORNEY FEES FOR COUNTS II, V, AND VI

50. Plaintiffs are entitled to recover reasonable and necessary attorney fees for Counts II, V, and VI under Texas Civil Practice & Remedies Code chapter 38 because those counts bring claims for services rendered by Plaintiffs, labor performed by Plaintiffs, and/or breach of an oral contract.

          Respectfully submitted,

By: <u>s/ Robert Manteuffel</u>
  J.H. Zidell, Esq.
  Texas Bar No.: 24071840
  Email: zabogado@aol.com
  Robert L. Manteuffel
  State Bar No. 12957529
  Email: rlmanteuffel@sbcglobal.net
  Joshua A. Petersen
  Texas Bar No. 24085524
  Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel: (972) 233-2264
Fax: (972) 386-7610

**COUNSEL FOR PLAINTIFFS**